Case 2:10-cv-01272-CAS-AGR   Document 3   Filed 02/19/10   Page 1 of 4   Page ID #:19

Conforming Copy

1  SHARON DOUGLASS-MAYO - State Bar No. 150469
   sharon_douglass_mayo@aporter.com
2  DANIKA B. VITTITOE - State Bar No. 235337
   danika.vittitoe@aporter.com
3  VIKRAM SOHAL - State Bar No. 240251
   vikram_sohal@aporter.com
4  EMILIA PETERSEN - State Bar No. 253681
   emilia.petersen@aporter.com
5  ARNOLD & PORTER LLP
   777 South Figueroa Street, 44th Floor
6  Los Angeles, California 90017-5844
   Telephone: (213) 243-4000
7  Facsimile: (213) 243-4199

8  Attorneys for Plaintiffs

9

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  WB MUSIC CORP., ELVIRA           )  Case No: CV10-01272 JFW (Ex)
    KOEHLER, CAROLYN                 )
15  ALTOBELLO, TED L. KOEHLER,       )  DECLARATION OF VIKRAM
    JR. AND ROBERT J. KOEHLER        )  SOHAL REGARDING JOINDER OF
16  D/B/A TED KOEHLER MUSIC          )  MULTIPLE COPYRIGHT CLAIMS
    COMPANY, SAM ARLEN D/B/A         )
17  S.A. MUSIC COMPANY,              )  [Local Court Rule 19-2]
    CHAPPELL & CO., INC., SONGS OF   )
18  PEER, LTD., DUBOSE & DOROTHY     )
    HEYWARD MEMORIAL FUND            )
19  PUBLISHING, GEORGE               )
    GERSHWIN MUSIC, IRA              )
20  GERSHWIN MUSIC AND FRANK         )
    MUSIC CORP.,                     )
21                                   )
              Plaintiffs,            )
22                                   )
    v.                               )
23                                   )
    EAST COAST FOODS, INC.,          )
24  SHORELINE FOODS, INC. AND        )
    HERBERT HUDSON,                  )
25                                   )
              Defendants.            )
26  _____  )

27

28

LA: 619362v1

Pursuant to Local Rule 19-2, plaintiffs submit the following declaration setting forth the grounds that show the interests of justice will be advanced, and a multiplicity of lawsuits avoided, by the joinder of all seven (7) causes of action in the accompanying complaint.

I, VIKRAM SOHAL, declare:

1. I am an attorney licensed to practice law in the State of California and have been admitted to the Bar of this Court. I am an associate of Arnold & Porter LLP, attorneys of record for plaintiffs in this action. I have personal knowledge of the matters set forth herein, and I make this declaration pursuant to Local Rule 19-2 regarding the joinder of plaintiffs' causes of action in a single complaint.

2. Local Rule 19-2 provides:

> No complaint or petition alleging violation of copyright, patent or trademark shall contain causes of action of different owners claiming violation of different copyrights, patents or trademarks, unless the complaint or petition is accompanied by a declaration of counsel setting forth grounds showing that the interests of justice will be advanced, and a multiplicity of actions avoided, by such joinder.

3. This is an action to recover damages and equitable relief for the intentional and willful infringement of plaintiffs' copyrighted songs by defendants' unauthorized public performances of those songs.

4. The complaint alleges the seven (7) songs at issue were publicly performed on November 7-8, 2009 at the establishment known as Roscoe's House of Chicken & Waffles/Sea Bird Jazz Lounge, located at 730 East Broadway, in Long Beach, in the State of California, which is operated by defendants East Coast Foods, Inc., Shoreline Foods, Inc. and Herbert Hudson.

5. Plaintiffs are the owners of the copyrights involved in this action.

6. Plaintiffs are all members of the American Society of Composers, Authors and Publishers ("ASCAP"), to which they have granted a non-exclusive right

1 | to license non-dramatic, public performances of their copyrighted musical
2 | compositions.

3 |     7.    On behalf of plaintiffs and its more than 375,000 other members,
4 | ASCAP licenses thousands of radio stations, television stations, nightclubs,
5 | restaurants and other establishments whose owners desire lawfully to perform
6 | copyrighted musical compositions contained in the ASCAP repertory.

7 |     8.    The complaint alleges defendants refused to obtained a license
8 | agreement from ASCAP despite ASCAP's repeated offers of such a license
9 | agreement to defendants.

10 |     9.    The complaint also alleges that despite ASCAP's numerous contacts
11 | informing defendants of their liability under the copyright laws of the United States,
12 | defendants continued to perform copyrighted music, including plaintiffs' songs,
13 | without permission, during the hours their establishment was open to the public for
14 | business and was presenting musical entertainment.

15 |     10.    Plaintiffs seek remedies available to them under the copyright laws of
16 | the United States, namely statutory damages (17 U.S.C. § 504(c)) and costs
17 | including reasonable attorney's fees (*id.*, § 505).

18 |     11.    In the interest of judicial economy and to avoid an unnecessary
19 | multiplicity of lawsuits, each of the seven (7) causes of action in the complaint should
20 | be joined in one (1) action, because they all arise out of the same facts and
21 | circumstances, involve the same defendants, raise identical issues of law, and will
22 | require testimony from the same witnesses.

23 |     12.    For decades, the courts have permitted several copyright owners to join
24 | together as plaintiffs in "ASCAP cases" such as the instant action. *See, e.g.,*
25 | *Twentieth Century Music Corp.* v. *Aiken,* 422 U.S. 151 (1975); *K-91, Inc.* v.
26 | *Gershwin Publ'ing Corp.,* 372 F.2d 1 (9th Cir. 1957); *Red Cloud Music Co.* v.
27 | *Schneegarten, Inc.,* 27 U.S.P.Q.2d 1319 (C.D. Cal. 1992).

28

13. For the foregoing reasons, plaintiffs should be permitted to prosecute their causes of action in a single action.

I declare under penalty of perjury the foregoing is true and correct. Executed on this 19th day of February 2010, at Los Angeles, California.



Vikram Sohal